Argued March 4, decided March 11, 1913.

## YASUI *v.* HALLAM.

(130 Pac. 638.)

**Agriculture—Mechanics' Liens—Improvement of Land—"Person in Lawful Possession."**

Under Section 7439, L. O. L., providing that any person, claiming or improving any land at the request of the owner or person in lawful possession thereof, shall have a preferred lien thereon, a contractor, going upon land to clear it for the owner, is not a "person in lawful possession," and hence his employees have no lien.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by M. Yasui, the assignee of certain lien claimants, against A. C. Hallam, J. Thornton, W. H. Walton, John Champlin, A. S. Huston, Thos. Sherrard and Charles S. Chapman, to foreclose alleged liens for clearing and improving certain lands.

The facts are that the defendants Thos. H. Sherrard and Charles S. Chapman are, and at all times stated herein were, the owners in fee of two tracts of land in section 1, township 1 north, of range 10 east, of the Willamette Meridian, containing, respectively, 21 and 5 acres. Sherrard and Chapman on November 10, 1910, entered into a written contract with the defendant A. C. Hallam, by the terms of which the latter undertook to slash, clear, grub, plow, and prepare for cultivation such tracts of land at $115 an acre, and to accept as part payment thereof another 10 acres, the deed to which was to be placed in escrow until the amount of work performed under the contract equaled $1,250, the stipulated consideration for the 10 acres. The contract subsequently was modified, but the particulars thereof are not deemed essential. In order to comply with the terms of the agreement, Hallam employed 15 Japanese, who began

clearing the land November 30, 1910, and continued to work on the premises until January 5, 1911. Not having received any part of their pay, they on March 1, 1911, severally filed with the county clerk of Hood River County, the political subdivision where the land is situated, verified bills of wages due each for the services rendered, containing a statement of the contract, designating the name of the contractor, describing the land by metes and bounds sufficient for identification, and exhibiting the total amount of each claim after deducting all set-offs and counterclaims, as required by law. Section 7490, L. O. L. Thereafter each claimant duly assigned his verified claim to the plaintiff, who instituted this suit. The cause, being at issue, was referred; and, from evidence taken, the court made findings of fact and of law, and, based thereon, decreed a recovery of $670.03, the amount of the several demands, with interest thereon at the rate of 6 per cent per annum from January 5, 1911, $200 as attorney's fees in the suit, and $75 for preparing and filing the liens, and ordered a sale of the lands to satisfy the sums awarded, whereupon Sherrard and Chapman jointly appealed.          REVERSED.

For appellants there was a brief over the names of *Mr. William L. Brewster* and *Mr. Kingman Brewster,* with an oral argument by *Mr. William L. Brewster.*

For respondent there was a brief over the names of *Messrs. L. A. and A. P. Reed,* and *Mr. Samuel W. Stark,* with oral arguments by *Messrs. L. A.* and *A. P. Reed.*

MR. JUSTICE MOORE delivered the opinion of the court.

The statute creating the right of lien in cases of this kind reads as follows:

"Any person or persons who shall hereafter clear any land or improve the same by ditching or diking or tilling the same at the request of the owner or person in lawful possession of the same, shall have a lien upon the

said lands so improved or cleared for his wages and charges for the said service which lien shall be preferred to every other lien, mortgage or incumbrance of a subsequent date." Section 7439, L. O. L.

In construing the clauses of the contract relied upon herein, which terms were also involved in another case for the foreclosure of a lien upon the same land, Mr. Justice BURNETT says: "The mere fact that a contractor goes upon the land for the purpose of performing services thereon for the owner does not give him possession. It is manifest that Hallam could not have maintained ejectment against Chapman and Sherrard to recover possession of any of the land described in the complaint. He stood in no better relation to the owners in fee than any employee or servant of theirs, and therefore is not a person in lawful possession of the land in that sense which would authorize him to contract with a stranger so as to charge the owners of the fee or affect their estate."

The decision in that case is controlling herein, from which it follows that the decree should be reversed, and one entered here dismissing the suits, and it is so ordered.

REVERSED: SUIT DISMISSED.